STATE EX REL. WARD V. ALBERT E. AKINS, AUDITOR.

PAYMENT OF JURY FEES IN PROCEEDINGS UNDER SEC. 3718a, REV. STAT.
 The payment of jury fees in a proceeding before a justice of the peace under sec. 3718a, Rev. Stat., are to be made upon a warrant issued by the county auditor upon the county treasurer, and such warrant is to be issued when the justice certifies to the auditor the amount to which each juror is entitled.

MARVIN, J.

The case of the state of Ohio on Relation of Ward, against Albert E. Akins, auditor, is a proceeding in mandamus to compel the defendant as such auditor to issue a warrant to the relator Ward for a fee.

The relator Ward claims he is entitled to such fee as a juror and that he is entitled to the payment of such fee out of the county treasury. The relator states in his petition, that he was summoned to and did serve as such juror before E. H. Bohm, a justice of the peace in this county, on January 27, 1899, in the trial of one, Henry Y. Scanlon, who was charged with having violated that statute of the state of Ohio making it an offense to serve and furnish oleomargarine without displaying a placard advertising that such was kept by him; that the trial resulted in a verdict of guilty, and the court gave judgment accordingly and sentenced Scanlon to pay a fine and the costs of the prosecution. The sentence was that he pay a fine and the costs of prosecution, and that, upon failure to pay such, fine and costs, he should be committed to jail until the same were paid. The fine and costs have not been paid, it is averred in the petition. And it is further averred in the petition that Scanlon never was committed to jail; he was never actually incarcerated in the jail; he gave notice of his intention to appeal the case and to file his petition in error in the court of common pleas of Cuyahoga county, Ohio, and applied for an order suspending the execution of said sentence during the pendency of said proceedings in error, and entered into a certain recognizance according to law, whereupon execution of said judgment and sentence were suspended pending such proceedings in error. The justice made out a full transcript of the proceedings and the costs therein, properly certified under oath the same, and delivered such transcript to the defendant as such auditor of said county; the amount shown by the transcript, to be owing to the relator for his services, as such juror, is two dollars. The relator says that he has requested and demanded the auditor to draw his warrant on the treasurer of Cuyahoga county for the amount of his fees in the said proceedings, two dollars, and deliver the same to him, and that the defendant refused to do it.

To its petition, the defendant files a general demurrer. And this raises the question, under the facts set forth in the petition, whether the relator is entitled to a fee as a juror in a case where there has been no actual incarceration of the party tried, for failure to pay the costs and fine in a case where the party tried has been found guilty.

The section of the statute under which Scanlon was tried, was sec. 4200–18, Rev. Stat. Section 3718a, Rev. Stat., gives justice of the peace final jurisdiction in a case of this sort and similar cases and provides, among other things, "that in all cases brought under the provisions of this section, if the defendant be acquitted, or if convicted and committed in default of paying fine and costs, the cost of each case shall be certified under oath to county auditor, who, after correcting the same, shall issue (a) warrant on county treasurer in favor of the person or persons to whom such costs and fees shall be paid."

Section 4200–20, Rev. Stat., provides for the punishment of one violating the section under which this prosecution was had, in the manner charged against Scanlon in the affidavit; and it does not provide that as a part of the sentence shall be imposed upon one found guilty under sec. 3718a, Rev. Stat., of disposing of or furnishing oleomargarine without advertising by a placard—it does not provide in such case, that

State ex rel. Ward v. Akins, Auditor.

any part of the sentence shall be that the one so found guilty, shall be committed to jail until the fine and costs are paid.

Under sec. 4200-20, Rev. Stat., the party convicted may be so committed to jail until the fine and costs are paid ; but it is not necessarily a part of the sentence that he should be so committed, though, in the prosecution of Scanlon as alleged here, it was a part of the sentence that he be so committed.

It is urged on the part of the relator, that the sentence having been pronounced upon Scanlon that he pay a fine and pay costs and that he be committed to jail until the payment of such fine and costs brings this within the purview of sec. 3718a, Rev. Stat., and its provisions, requiring upon the filing of a transcript with the certificate, under oath, as to the costs, with the auditor, that he shall thereupon draw his warrant on the county treasurer. It is said that when the sentence is pronounced, that that brings the case within that clause of the statute requiring the auditor to draw a warrant in case of a party being committed to jail.

As we view this case, it is not essential to the proper determination of it, that that question be here decided ; and, perhaps, a wise thing to do is to omit saying anything as to the view we would take if that question was necessarily raised here. The fact is in this case, Scanlon never was committed to jail. The fact is, that the reason he was not committed to jail, was that there was a suspension of the execution of the sentence, upon his giving the undertaking required by law in a prosecution of proceedings in error to a higher court. A similar question would be very likely to arise if Scanlon, instead of giving such undertaking, had been taken into custody by the sheriff and on the way to jail had escaped and so never have been committed. However that question might be determined if it were here to be determined, is, as has already been said, in our view, immaterial in this proceeding.

Section 1330, Rev. Stat., provides, that, "In all criminal cases where a jury may be called to try the issue joined, and the defendant shall be convicted, there shall be taxed in the bill of costs the sum of six dollars as a jury fee, and judgment shall be rendered therefor against such defendant which sum, when collected by the clerk of said court or sheriff, to whom executions shall have been issued, shall be paid over to the county treasurer."

Now, whatever, the custom may have been, we are not aware of any statute which authorizes the taxing as costs in a proceeding under the statutes generally known as "Pure Food Statutes," a jury fee to include all that is to be paid to jurors, and to hold that what is to be paid to the jurors in such proceedings, shall be taxed as costs against the party prosecuted and found guilty, would be to put upon the defendant in such prosecution where he is found guilty, a burden not put upon one prosecuted for more serious offences under indictments: If one were prosecuted for the crime of arson and found guilty, there could be taxed against him but six dollars as jury fees, or any other of the felonies punished under the laws of Ohio; and yet if there is to be taxed the entire amount that the several members of the jury are to receive in prosecutions of this sort, as has already been said, a much greater burden would be put upon the defendant than if he were on trial for arson, burglary, robbery, or any other offense that is indictable under the statute as felony.

Section 5182, Rev. Stat., provides that "each grand and petit juror drawn from the jury box pursuant to law, and each juror selected by the

Cuyahoga Circuit Court.

court, pursuant to sec. 5173 of this chapter, and each talesman shall be allowed two dollars per day, for each day he serves, and if not a talesman, five cents per mile from his place of residence to the county seat, and such compensation shall be certified by the clerk of the court, and paid by the county treasurer on the warrant of the county auditor." We have held in a case recently in this court, State ex rel. Bentley v· Akins, Auditor, 9 O. C. D., 373, that this section so far as the amount to be paid to jurors is concerned, applies to prosecutions under the "Pure Food Laws."

We hold that the amount of two dollars provided for in sec. 5182, Rev. Stat., is the amount to which jurors, in such prosecutions as in this against Scanlon, are entitled, and that two dollars per day is the fee that each juror is to receive. That we hold by virtue of sec. 6705., Rev. Stat., which provides that "The provisions of Title One of Part Third of the Revised Statutes, which are in their nature applicable to the proceedings before justices, and in respect of which no special provision is made in this title, are applicable to the proceedings before justices of the peace."

Section 5182, Rev. Stat., comes under title 1, Part 3, Revised Statutes. For the same reason that we there held the fee to be paid to each juror was two dollars, we hold that the payment is to be made upon the warrant issued by the county auditor upon the treasurer and that when the clerk, or, in a case of this sort, a justice of the peace, who is his own clerk, certifies to the auditor the amount to which a juror is entitled, it is his business to issue a warrant upon the treasurer for the payment of that fee. We do not understand that if the fee should amount to twenty-four dollars, that that is part of the costs to be taxed against the party convicted. The county is to pay each juror the amount coming to him.

That being true, the demurrer is overruled, and judgment may be entered upon petition to that effect.

*Wm. E. Patterson*, counsel for plaintiff.

*P. H. Kaiser*, counsel for defendant.